Colcock, J.
delivered the opinion of the Court.
I do not think it important to examine the question, whether duress of goods may, under any circnrqstances, avoid a contract. I know that it has been so decided in the case of Sasportas v. Jennings and Woodrop, 1 Bay, 475 ; but if the doctrine were even more clearly, and more satisfactorily established, I am of opinion, that it can have no application in this case, either on the facts, or on the law. First, there is no evidence to shew, that any unusual or peculiar necessity existed, which rendered it important, that the defendant should have been put hito the immediate possession of his property; nor is there any evidence that the plaintiff was unable to respond in damages for the trespass, or the detention; and, lastly, it was taken by virtue of a legal proceeding which, on its face, was regular, as far as we are informed: and it is confounding all our legal notions to say, that, such a taking could be a duress, which would avoid any act,lawful, and proper in itself. Arid in the next place what was the act"? An authority was given to an attorney to enter an appearance, to try the very right in question. It was not to do an act, which would deprive the defendant of any right which he possessed. It was not to pay a sum of money, unless that money should be proven to be due to the plaintiff. The attachment, it is true, was, to say the least of it, very improperly obtained, as it is clear that the defendant was accessible to the law. He was a fixed resident of the State. But if the defendant preferred entering an appearance at once, and trying the question, to entering into the contest under that process, it cannot be.said, that he was forced to do this, even to get possession of. the property; for that object could easily have been effected by replevying. Act of 1785, P. L. 368.
But it is said that the acknowledgement of service of the writ was conditional, and that it ought to have been set aside on that ground. Certainly, the defendant and his attorney both intended it to be subject to *fte revocation of the former; but no time was fixed, within which the revocation should be made: and on all such occasions, a reasonable time is fixed by the law, which is to be determined by circumstances, arising out of the *632 natufe of the transaction. Wow here, according to the usual coul,ge 0f suc}j proceedings, the ensuing term must be the time by which this power of revocation should have been exercised ; because if exercised after that, the most obvious injury would re-su^ 1,0 ^le °PP0S'te party, by the delay which it would occasion. The) e are many cases in the books, where the Courts have refuse<j t0 set aside judgments, even when they had been entered up without authority, if the attorney was a responsible person. How far these cases may be regarded as authority at this day, I will not determine ; but if in such cases a motion like, the present may be refused, a fortiori, must it be refused, where there was an express power given.
The oidy point of any difficulty is, whether the defendant was not, under the circuinsta'nces of the case, intitled to a continuance. It is not stated, either in the report, or by the counsel, that it was applied for below; and therefore, we cannot now grant it, or open the judgment to let in a defence. If it liad been refused below, and it were now satisfactorily shewn to ns, that ihere was a substantial ground of defence, the defendant might have been permitted to make it, even after judgment. Upon the whole case as presented to us, we concur with the presiding Judge below, and the motion is dismissed.
Johnson, J. and O’Neall, J. concurred.
Motion refused.